[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR ATTORNEYS' FEES
Defendant has moved this court to order the payment of Attorneys' fees CT Page 14008 incurred in its defense of an action to vacate an Arbitrator's Award dated April 29, 1998, and an appeal to the Connecticut Appellate Court of the Superior Court's denial of the motion to vacate. The motion for attorneys' fees is brought under the authority of Connecticut General Statutes Section 10-153m in accordance with section 11-21 of the Connecticut Practice Book.
Defendant urges the court to award attorneys' fees on the grounds that the motion to vacate and the appeal from the denial thereof were frivolous. The parties agree that the court has authority to order the payment of such fees and that such an order is within the discretion of the court. Neither sec. 10-153m of our statutes nor sec. 11-21 of the Practice Book suggests standards to guide the court's exercise of its discretion. The court has reviewed the record of this case and has concluded that the action by the plaintiff to overturn the arbitration award was taken in good faith based on the standards set out in sec. 52-418
of Connecticut General Statutes. Specifically, plaintiff believed that the arbitrator had evidenced partiality and had acted beyond the scope of the submission. Furthermore the court finds that the defendant did not seek to recover attorneys' fees within the thirty-day period required by the Practice Book. Therefore, the court declines to award attorneys' fees for the Superior Court review of the arbitration award.
On the other hand, because the Superior Court (Judge Booth) confirmed the award, because the State of Connecticut favors the finality of arbitration awards and because defendant gave plaintiff early notice of its intention to seek attorneys' fees in the event that the appeal was denied, this court believes that defendants attorneys' fees earned in the defense of the appeal should be paid by plaintiff.
The court has reviewed the billing rates and the time spent by defendant's counsel on its defense of the appeal and finds both to be reasonable. Based on the counsel's affidavit, the court determines that the fees to be paid to defendant by plaintiff are $6,073.00.
BY THE COURT
THAYER BALDWIN